IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WILLIAM C. FLOYD, JR., | ) |
| Plaintiff, | ) 8:05cv516 |
| vs. | ) MEMORANDUM AND ORDER |
| CAPTAIN HUBBER, et al., | ) |
| Defendants. | ) |

This matter is before the court on the following pending motions: (1) Filing No. 14, the Motion for Summons filed by the plaintiff, William C. Floyd, Jr.; (2) Filing No. 26, the plaintiff's letter of February 8, 2006, which has been docketed as a Motion to Obtain Legal Material and Move Plaintiff from Facility; (3) Filing No. 32, the Motion to Dismiss filed by the defendants, Captain Hubber, et al.; (4) Filing No. 36, the plaintiff's Motion asking the court to deny the defendants' Motion to Dismiss; and (5) Filing No. 35, the Motion for Extension of Time to Answer filed by defendant-Dr. Gensler. The plaintiff, William C. Floyd, Jr., a former pretrial detainee at the Douglas County Correctional Center ("DCCC"), alleges civil rights claims pursuant to 42 U.S.C. § 1983. In his Amended Complaint (Filing No. 35), the plaintiff complains that corrections staff and medical providers at DCCC exhibited policies and practices amounting to deliberate indifference to the plaintiff's safety and serious medical needs, particularly while the plaintiff was in administrative confinement.

In Filing No. 14, the plaintiff requests additional summons forms. However, it appears from the court's records that the Clerk of Court has already sent the forms to the plaintiff. Therefore, Filing No. 14, will be denied as moot. However, the Clerk of Court

shall mail the plaintiff a current docket sheet, without cost, and if the plaintiff requires any additional forms, he may notify the court, and the forms will be sent to him upon request.

Filing No. 26, the plaintiff's letter of February 8, 2006, docketed as a Motion to Obtain Legal Material and Move Plaintiff from Facility, also appears to be moot. In the letter, the plaintiff expressed concern about remaining at the DCCC in light of harassment he experienced after filing his complaint in this case. However, after the court received the plaintiff's letter, the plaintiff transferred to the state prison at Tecumseh, Nebraska. Therefore, as the plaintiff is no longer housed at DCCC, Filing No. 26 will be denied as moot.

In Filing No. 32, the defendants contend that the plaintiff has failed to state a claim for violation of the United States Constitution. A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) tests only the legal sufficiency of the plaintiff's complaint if the factual allegations in the complaint are accepted as true. Springdale Educ. Ass'n v. Springdale School Dist., 133 F.3d 649, 651 (8th Cir. 1998). See also Browning v. Clinton, 292 F.3d 235, 241-42 (D.C. Cir. 2002): "[W]e accept the plaintiff's factual allegations as true and construe the complaint 'liberally,' 'grant[ing] plaintiff[ ] the benefit of all inferences that can be derived from the facts alleged,' .... At the Rule 12(b)(6) stage, we do not assess 'the truth of what is asserted or determin[e] whether a plaintiff has any evidence to back up what is in the complaint.'" (Citations omitted.) Thus, a claim should be liberally construed in the light most favorable to the plaintiff and should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle her to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Coleman v. Watt, 40 F.3d 255, 258 (8th Cir. 1994). In light of that strict standard, Filing No. 32, the defendants'

Motion to Dismiss, is denied. The defendants shall answer the Amended Complaint within thirty (30) days of the date of this order. Filing No. 36, the plaintiff's Motion asking the court to deny the defendants' Motion to Dismiss, is granted.

THEREFORE, IT IS ORDERED:

1. That Filing No. 14, the plaintiff's Motion for Summons, is denied as moot, but the Clerk of Court shall mail the plaintiff a current docket sheet, without cost, and if the plaintiff requires any additional forms, he may notify the court, and the forms will be sent to him upon request;

2. That Filing No. 26, the plaintiff's Motion to Obtain Legal Material and Move Plaintiff from Facility, is denied as moot;

3. That Filing No. 32, the defendants' Motion to Dismiss, is denied; the defendants shall answer the Amended Complaint within thirty (30) days of the date of this order;

4. That Filing No. 36, the plaintiff's Motion to deny Motion to Dismiss, is granted; and

5. That Filing No. 35, the Motion for Extension of Time to Answer filed by defendant-Dr. Gensler, is granted.

Dated this 24th day of March, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Court

3