IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| WILLIAM C. FLOYD, JR., | ) | |
| | ) | |
| Plaintiff, | ) | 8:05cv516 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| CAPTAIN HUBBER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Filing No. 54, the defendants' Motion to Dismiss, as well as motions filed by the plaintiff, William C. Floyd, Jr. (Filing Nos. 45, 46, 53, 56, 57, 58, 62, 63 and 67). The plaintiff filed this action concerning the deprivation of his rights while he was a pretrial detainee at the Douglas County Correctional Center ("DCCC"). In his Amended Complaint (Filing No 35), as supplemented (e.g., Filing Nos. 42, 61, and 66), the plaintiff asserts federal civil rights claims pursuant to 42 U.S.C. § 1983, alleging deliberate indifference to his serious medical needs by DCCC corrections and medical staff, in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution and Eighth Amendment standards.[1]

As recounted by the plaintiff, while in cuffs and restraints, he fell down 8-9 steps on June 17, 2005 at about 9:00 a.m., while moving his belongings from one cell to another within the administrative confinement unit at DCCC. The plaintiff sustained a painful back

---

[1] The Eighth Amendment's prohibition of cruel and unusual punishment applies only "after conviction and sentence." Graham v. Connor, 490 U.S. 386, 393 & n. 6 (1989). Pretrial detainees are not convicted prisoners and, therefore, their rights do not arise under the Eighth Amendment. Instead, their rights arise under the Due Process Clause of the Fourteenth Amendment. Spencer v. Knapheide Truck Equipment Co., 183 F.3d 902, 905 (8th Cir. 1999), cert. denied, 528 U.S. 1157 (2000). Although a pretrial detainee's claim of inadequate medical care is brought under the Due Process Clause, such claims are analyzed in much the same way as a prisoner's Eighth Amendment claim of deliberate indifference to a serious medical need. Id.

injury. Officer McNeil called a Code Green for medical assistance, and the plaintiff remained on his back for 30 minutes before staff removed him to the medical unit in a wheel chair. Upon his arrival at the medical unit, Dr. Gensler examined the plaintiff but refused to order x-rays, despite the plaintiff's reports of extreme pain and a bleeding knee. Dr. Gensler did apply a bandaid to the knee and ordered pain medication. The plaintiff was then moved to a different administrative confinement cell.

Then, on July 1, 2005, the plaintiff, again in restraints, this time around 9:00 p.m., fell down the stairs of the administrative confinement unit face first and re-injured his back. Once again, he lay there until removed to the medical unit in a wheelchair, where Nurse Mark examined him, as the doctor had left for the evening. The nurse prescribed tylenol and sent the plaintiff back to his cell. Nurse Mark did not consider the plaintiff's injury sufficiently serious to report it to the doctor. The plaintiff subsequently continued to suffer back pain.

The plaintiff claims that his back injuries resulted from the failure of supervisory personnel at the DCCC to train corrections officers properly. As the plaintiff states that he fell on both occasions because he was wearing leg restraints, the court must assume that the plaintiff objects to the policy of requiring inmates in administrative confinement to wear cuffs and restraints when outside of their cells within the administrative confinement unit. The plaintiff's grievances are vague on the subject but do mention his opposition to leg restraints. Of course, this court cannot rule that the Constitution is violated by the use of leg restraints when prisoners in segregation move outside their cells.

The plaintiff devotes most of his Amended Complaint to his claims that DCCC medical personnel violated the Constitution by providing inadequate medical care.

Primarily, the plaintiff believes that x-rays were indicated, although Dr. Gensler did not share that view. The plaintiff does not allege that he sustained any fractures, and he has provided a Radiographic Report (Filing No. 42) taken when he arrived in State custody, which revealed no evidence of fractures to his lumbosacral spine. The examination reported mild to moderate disc degeneration in a man of approximately 35 years of age, a matter which he wisely does not suggest had anything to do with the two falls on the stairway at DCCC.

The defendants contend that the plaintiff has failed to state a claim upon which relief may be granted for violation of Eighth Amendment standards, and they seek dismissal of the complaint pursuant to Fed. R. Civ. P. 12(b)(6). The court agrees that the facts, as described by the plaintiff, simply do not amount to a violation of Eighth Amendment or Due Process standards.

As for the plaintiff's first claim, his allegations concerning the circumstances of his injuries state, at most, a claim of negligence. Negligence by prison officials is not actionable under 42 U.S.C. § 1983, which requires a much greater standard of culpability, such as deliberate indifference, at a minimum. See, e.g., Daniels v. Williams, 474 U.S. 327 (1986) (inmate who slipped on a pillow negligently left on jail stairs by a corrections officer was not "deprived of his liberty interest in freedom from bodily injury"). It is true that "[p]ersons involuntarily confined by the state have a constitutional right to safe conditions of confinement." Osolinski v. Kane, 92 F.3d 934, 938 (9th Cir. 1996). However, "[n]ot every deviation from ideally safe conditions amounts to a constitutional violation." Id. Accord Tucker v. Evans, 276 F.3d 999, 1002 (8th Cir. 2002) (negligence, even gross negligence, is insufficient to prove a violation of the Eighth Amendment). Deliberate

3

indifference requires the reckless or callous disregard of a known, excessive risk of serious harm to the safety of the plaintiff or other inmates in the plaintiff's position. Tucker v. Evans, 276 F.3d at 1001. A claim of negligence arises under Nebraska state law, not federal law. The plaintiff may be able to pursue a claim in a state court, but his claim does not state a cause of action for violation of the Constitution or laws of the United States which may be brought in this court under the federal civil rights laws.

As for the plaintiff's medical claims, the Eighth Amendment requires prison officials to provide humane conditions of confinement, including adequate food, clothing, shelter, and medical care. Farmer v. Brennan, 511 U.S. 825, 832 (1994). A prisoner's Eighth Amendment rights are violated if prison officials show "deliberate indifference" to a prisoner's "serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104-07 (1976).

More specifically, a viable Eighth Amendment claim consists of an objective component and a subjective component. Jackson v. Everett, 140 F.3d 1149, 1151 (8th Cir. 1998). See also Coleman v. Rahija, 114 F.3d 778, 784 (8th Cir. 1997): "To prevail on an Eighth Amendment claim, an inmate must show both an objective element, that the deprivation was sufficiently serious, and a subjective element, that the defendant acted with a sufficiently culpable state of mind." Id. The objective element of an Eighth Amendment claim requires a deprivation which, viewed objectively, is sufficiently "serious," that is, "the prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities;' or the prison official must incarcerate the inmate under conditions 'posing a substantial risk of serious harm.'" Simmons v. Cook, 154 F.3d 805, 807 (8th Cir. 1998) (citation omitted).

4

The subjective element of an Eighth Amendment claim requires that an official act with deliberate indifference to inmate health or safety. Deliberate indifference means that the official both was aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. Farmer v. Brennan, 511 U.S. 825, 837 (1994). Deliberate indifference describes a mental state more blameworthy than negligence. A plaintiff is not required to show that the defendant acted for the very purpose of causing harm or with knowledge that harm will certainly result. Id., 511 U.S. at 835. However, "deliberate indifference is akin to criminal recklessness, which demands more than negligent misconduct." Olson v. Bloomberg, 339 F.3d 730, 736 (8th Cir. 2003). See also Hernandez v. Keane, 341 F.3d 137, 144 (2d Cir. 2003): "Deliberate indifference is 'a state of mind that is the equivalent of criminal recklessness.'" (Citation omitted.)

Differences of opinion, mistakes, and even medical malpractice do not meet the exacting standard of the Eighth Amendment for cruel and unusual punishment. A plaintiff who alleges no more than his disagreement with the course of treatment provided to him does not demonstrate an Eighth Amendment violation. See, e.g., Jones v. Norris, 310 F.3d 610, 612 (8th Cir. 2002): "At best, [the plaintiff's] allegations state a difference in opinion between himself and his doctors or allege a mistake in classification or treatment. Neither differences of opinion nor medical malpractice state an actionable Constitutional violation." Accord Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991): "Nor does a simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment support a claim of cruel and unusual punishment." See also Kayser v. Caspari, 16 F.2d 280 (8th Cir. 1994) (plaintiff's

disagreement with the course of treatment provided to him is not a sufficient basis for an Eighth Amendment claim).

In this case, the plaintiff received diagnostic care and treatment. Because pain can be subjectively severe, this court would not insult the plaintiff by characterizing his condition as less than serious. Therefore, the court will assume that the plaintiff has properly asserted the objective part of an Eighth Amendment claim. However, even accepting the plaintiff's factual allegations as true, the plaintiff does not assert a factual basis for the subjective part of an Eighth Amendment claim, i.e., deliberate indifference. He alleges no more than disagreement with the course of treatment provided to him. Thus, the Amended Complaint, as supplemented, lacks factual allegations sufficient to state a claim that the defendants deliberately disregarded an excessive risk to the plaintiff's health or rendered medical care "'so inappropriate as to evidence intentional maltreatment ....'" Jolly v. Knudsen, 205 F.3d 1094, 1096 (8th Cir. 2000)(citation omitted).

As the result of the resolution of the foregoing matters, the plaintiff's claims against the defendants will be dismissed. The claims arising under federal law will be dismissed with prejudice. The court has discretion under 28 U.S.C. § 1367(c)(3) to decline to exercise supplemental jurisdiction over claims arising under state law when the court has dismissed the claim(s) over which this court has original jurisdiction, i.e., the federal claims. In addition, 28 U.S.C. § 1367(d) tolled the limitations period for the state law claims, if any, against the defendants while this federal case was pending. In the event the plaintiff may wish to assert his claims arising under state law in a state court, any such state law claims in this case will be dismissed without prejudice.

THEREFORE, IT IS ORDERED:

1. That Filing No. 54, the defendants' Motion to Dismiss, is granted;

2. That, as the complaint fails to state a claim on which relief may be granted under federal law as to any defendant, the plaintiff's motions for additional summons forms and other matters are denied as moot (Filing Nos. 45, 46, 53, 56, 57, 58, 62, 63 and 67); and

3. That a separate judgment will be entered accordingly.

DATED this 12th day of February, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge